IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICHARD L. BIBBS,

    Plaintiff,

v.              CIVIL ACTION NO. 5:06-cv-00462

MOUNTAIN STATE UNIVERSITY, INC., et al.,

    Defendants.

**MEMORANDUM OPINION**

  Pending before the Court is Defendants' Motion to Dismiss [Docket 13]. Plaintiff filed the instant lawsuit on June 13, 2006 alleging employment discrimination in violation of 42 U.S.C. §§ 1981 and 1985(3). By Standing Order entered July 21, 2004 and filed in this case on June 15, 2006, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of Proposed Findings and Fact and a Recommendation for disposition (PF&R). On February 19, 2008, Magistrate Judge VanDervort entered his PF&R recommending that Defendants' motion to dismiss be granted and the case be dismissed. Plaintiff timely filed his Objections [Docket 29] on February 29, 2008. For the reasons stated below, Plaintiff's objections are overruled and the Court adopts the PF&R in its entirety.

*I. BACKGROUND*

  The full factual and procedural history of this case is set forth in the PF&R. Relevant to this case, Plaintiff alleges that he was wrongfully terminated from his position as an administrative

assistant at Mountain State University (MSU) due to his race. In support of this allegation, Plaintiff asserts that on May 16, 2006, he conducted a campus tour for Mike Simmons, who was interviewing for the position of Dean of Distant Education Initiatives. The following day, Plaintiff's supervisor, Roslyn Artis, who is not named as a defendant, asked Plaintiff whether he asked Mr. Simmons "'How would [you] feel working with a black male as an administrative assistant?'" (Docket 28 ¶ 16.) Although Plaintiff denies asking the question, he sent an e-mail to Ms. Artis and several other MSU officials, including the president, Charles Polk, "regarding the racial overtones" of Plaintiff's question to Mr. Simmons. (*Id.* ¶ 22.)

On May 23, 2006, vice president Cynthia Alexander sent an e-mail to senior officer of human resources Kay Stump indicating that Ms. Artis was "not going to renew [Plaintiff's] contract, but want[ed] to be sure it's based on a phasing out of the position rather than a 'termination' of any kind." (*Id.* ex. 4.) Finally, on May 30, 2006, Plaintiff received a memo from Ms. Stump informing him that his position had been eliminated and that he was not required to be on campus after that date. The memo also indicated that he would be compensated through the end of his contract, which was to be June 30, 2006, including vacation accruals.

Plaintiff filed his Complaint [Docket 1] and Application to Proceed *in forma pauperis* (IFP motion) [Docket 2] on June 13, 2006, which the magistrate judge granted on March 2, 2007. Defendants timely filed their motion to dismiss on March 16, 2007. As the basis for their motion, Defendants rely on the doctrine of *res judicata* and refer the Court to a lawsuit filed by Plaintiff in the Circuit Court of Raleigh County, West Virginia, alleging nearly identical facts to the instant case. In that case, Defendants obtained a favorable ruling on summary judgment and now seek to bar Plaintiff's federal claims on the ground that the federal issues actually were, or could have been,

litigated during the state court proceeding. Plaintiff then filed his response to Defendants' motion to dismiss [Docket 17] on April 2, 2007, and Defendants filed a reply [Docket 19] on April 9, 2007.

Plaintiff also moved to amend his complaint on March 27, 2007, while Defendants' motion to dismiss was pending. Although Defendants filed a response [Docket 18] opposing Plaintiff's motion to amend, the magistrate judge considered the amended complaint in the PF&R, (*see* Docket 26 at 5 n.4), and granted the motion to amend in a separate order [Docket 27]. Defendants then filed a motion to dismiss Plaintiff's amended complaint [Docket 30]. Because the magistrate judge adequately addressed the amended complaint and original motion to dismiss in the PF&R, Defendants' subsequent motion [Docket 30] is **DENIED AS MOOT**.

## *II. ANALYSIS*

The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, the Court need not conduct a *de novo* review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). Here, objections to Magistrate Judge VanDervort's PF&R were due by March 7, 2008. Plaintiff timely filed his objections on February 29, 2008. When reviewing the portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

*A.     Claim Preclusion*

Plaintiff objects to the magistrate judge's finding that his suit is barred by *res judicata*. As the magistrate judge correctly noted, *res judicata* requires three elements: "(1) a final adjudication on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and present suit; and (3) an identity of the parties or their privies." *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). Specifically, Plaintiff asserts that his state case and federal case do not involve the same cause of action because his "state case was a breach of contract case and did not address the reason for his termination/contract non-renewal, but the breach of the plain language of the contract." (Docket 29 at 4.) He appears not to dispute the magistrate judge's findings that there was a final adjudication on the merits in the state court case and that the cases involve the same parties or their privies. Thus, the Court will take these findings as true.

In support of his objection, Plaintiff refers the Court to a Fourth Circuit case holding that two causes of action are identical for purposes of *res judicata* if they require "the same evidence . . . to prove each claim." *Artis v. Norfolk & W. Ry.*, 204 F.3d 141, 147 (4th Cir. 2000) (Michael, J., dissenting). Thus, Plaintiff reasons, "[t]here is a distinct difference in the evidence required to prove [his] state breach of contract suit and his termination based upon race as set forth in the federal complaint." (Docket 29 at 5.) Plaintiff fails to note, however, not only that his citation was to the dissenting opinion in *Artis*, but that the Fourth Circuit there was applying Virginia law, which is not applicable in a case involving a federal question, such as this one.

Plaintiff ironically cites to a West Virginia case, *Lutz v. Williams*, 99 S.E. 440 (W. Va. 1919), for additional support of this contention. In *Lutz*, the West Virginia Supreme Court of Appeals held, "A cause of action between persons who were parties to a former adjudication, set up in a

4

subsequent action between them, is not *res judicata* by the former decision, unless it is identical with the one actually *or constructively* heard and determined in the former suit." *Id.* at syl. pt. 1 (emphasis added). It is well-established in the Fourth Circuit that causes of action are the same for purposes of *res judicata* if they "arise[] from the same factual basis," regardless of whether "the plaintiff in the first suit proceeded under a different legal theory." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990). As the magistrate judge correctly pointed out here, Plaintiff's employment discrimination claim arises from the same factual basis as his breach of contract claim, namely MSU's failure to renew his contract. In fact, as the magistrate judge noted, Plaintiff's state and federal complaints share largely the same factual allegations. Thus, even though he proceeded under a breach of contract theory in state court, his employment discrimination claim arose out of the exact same factual scenario and thus constitutes the same cause of action for purposes of *res judicata*.[*]

Plaintiff next argues that he was not able to litigate his employment discrimination claim due to new evidence that was unavailable to him at the time he filed suit. This argument is undermined by Plaintiff's admission that the state court judge examined the new evidence but "did not consider [it] 'relevant to his claims for breach, fraud or conspiracy.'" (Docket 29 at 6) (no citation in

---

[*] Plaintiff states that he "was not aware that he could file an action based upon a federal statute in state court, hence the filing of the federal complaint," (Docket 29 at 4), essentially conceding that he could have litigated the employment discrimination claim with his breach of contract claim. "A district court is not required to act as an advocate for a *pro se* litigant," but where the litigant alleges a colorable claim, "the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Plaintiff's attempt to relitigate a claim that could and should have been brought in his previous case, however, does not qualify as colorable claim. Courts have consistently held even *pro se* litigants to the requirement of litigating in one case all claims that arise out of the same factual scenario. *See, e.g.*, *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 206 (2d Cir. 2002) (barring a national origin discrimination claim by a *pro se* litigant because litigant failed to raise claim in prior suit involving "the same events concerning her employment, pay history, and termination").

original). To the extent that such evidence was unavailable, Plaintiff's argument is inapposite. "Actual knowledge of a potential claim is not a requirement for application of [*res judicata*]; rather, the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986); *see also Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 n.4 (N.D. W. Va. 1998) ("Claim preclusion prevents a party from suing on a claim which has been previously litigated to a final judgment by that party or that party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which *could have been asserted* in that action.") (emphasis added). Thus, because Plaintiff's employment discrimination claim and breach of contract claim both arose out of MSU's non-renewal of his contract, his discrimination claim could have been asserted in state court and its adjudication in this Court is barred. Thus, Plaintiff's objection is **OVERRULED**.

### B. Delay in Ruling on IFP Motion

Plaintiff also contends, "Had the federal court acted in a more expeditious manner in ruling on the plaintiff [sic] application to proceed and service of complaint, . . . [he] could have consolidated the different cases in state court." (Docket 29 at 3.) Although this argument fails to object to any specific portion of the PF&R and, moreover, undermines his contentions that the claims did not allege the same cause of action and that he was unaware he could litigate federal claims in state court, the Court will nevertheless address Plaintiff's concern.

The Court is under no obligation imposed by Congress, other than the Civil Justice Reform Act, 28 U.S.C. §§ 473-482, or by Plaintiff to adjudicate this case according to any certain timetable. The Court will continue to resolve pending motions in a timely fashion as it sees fit and as its case

load allows, and cautions Plaintiff against referring to this Court as a "judicial hellhole," (Docket 29 at 8), in future filings.  To the extent that Plaintiff's criticism of the Court can be construed as such, his objection is **OVERRULED**.

### *III.  CONCLUSION*

For the reasons stated above, Plaintiff's Objections [Docket 29] are **OVERRULED**.  The Court accordingly **ADOPTS** the PF&R [Docket 26], **GRANTS** Defendants' Motion to Dismiss [Docket 13], **DENIES AS MOOT** Defendants' Motion to Dismiss the Amended Complaint [Docket 30], and **DISMISSES** Plaintiff's Complaint [Docket 1].  A separate Judgment Order will enter this day implementing the rulings contained herein.

ENTER:	March 19, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE